EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO HERNÁNDEZ AYALA, acusado y apelante.

*Número:* CR-77-147    *Resuelto:* 31 de mayo de 1978

*Antonio E. Arraiza Miranda,* abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Rose Marie Corchado Lorent,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue acusado y convicto de una infracción al Art. 4 de la Ley de Armas, Ley Núm. 17 de 19 de enero de

1951, según enmendada, 25 L.P.R.A. sec. 414. Fue sentenciado a reclusión por seis meses.

Este caso en su fondo se vio conjuntamente en el Tribunal Superior con una apelación de vista preliminar que contra el mismo acusado se seguía en un caso de robo, basados ambos delitos en los mismos hechos. En la vista preliminar sobre la acusación de robo, un magistrado distinto, el Honorable Vicente Géigel Lanuza, determinó no haber causa probable por razón de que el testigo y perjudicado en este caso varió su declaración en la vista en forma distinta a la que había prestado ante el fiscal anteriormente. En el caso de autos, sobre infracción a la Ley de Armas, el testigo se reafirmó en su declaración original dada al fiscal. Qué motivaciones tuvo para variarla en la vista preliminar no lo sabemos.

Debemos ir a los hechos. La exposición narrativa de la prueba fue sometida conjuntamente por ambas partes, el Pueblo y el acusado. Aparece certificada por el Juez Superior, Sala de Arecibo, Honorable Luis Raúl Cruz Jiménez. El perjudicado declaró que un día estando él solo en su casa se presentaron dos jóvenes, le dijeron que eran empleados del Seguro Social y que venían a entrevistarlo. Le preguntaron cuánto recibía del Seguro Social, cuánto recibía en cupones, si tenía armas en la casa y otros extremos. Luego se marcharon. Al otro día, como a la 1:00 de la tarde, ambos regresaron y uno que tenía barba "le echó una llave por el cuello y le puso un cuchillo en el cuello diciéndole dame el dinero o te mato." El otro también sacó un cuchillo y se lo puso por la espalda. Le robaron $600. Lo dejaron amarrado pero él pudo soltarse y fue al Cuartel de la Policía a notificar el caso.

La defensa trajo como testigos al Juez, Honorable Vicente Géigel Lanuza y al Fiscal Eduardo Pérez Soto, funcionarios que habían intervenido en el anterior caso de robo. El distinguido magistrado declaró, en esencia, que ante las contradicciones de la declaración del perjudicado—su declaración en corte y su anterior declaración al fiscal—él determinó la

no existencia de causa probable. El mencionado fiscal declaró que él representó al Pueblo en dicha anterior vista preliminar y que ante el cambio de declaración del testigo él había recomendado la radicación de una denuncia por perjurio. En la vista del caso de autos el fiscal no sometió a contrainterrogatorio a los dos distinguidos testigos de defensa, el fiscal y el juez.

Ante nos se señalan dos errores en el caso de autos. En el primero se expresa que el magistrado erró al determinar que el acusado portaba un cuchillo de 5 pulgadas de largo, utilizándolo en la comisión de un delito público. En el segundo se señala que erró en la apreciación de la prueba al declarar culpable al acusado sin haberse probado el delito más allá de duda razonable.

Discutiremos ambos errores conjuntamente. En su alegato el apelante hace énfasis en que el juzgador de los hechos le dio credibilidad al perjudicado y no al testimonio de los dos funcionarios antes mencionados. Dicho sea con todo respeto y la consideración que le debemos a cada cual, aparte del profundo problema de que ante la ley todos somos iguales y que compete al juzgador de los hechos evaluar y apreciar la prueba, problema que aquí no vamos a discutir por ser innecesario hacerlo, hay en el planteamiento un error de lógica. Consiste en lo siguiente. Aun dándole credibilidad a los distinguidos testigos de defensa se podía llegar a la conclusión a que llegó el magistrado sentenciador por la sencilla razón de que los dos testigos de defensa no declararon sobre los méritos del caso en sí. Esto es, no declararon sobre si el acusado portó ilegalmente el cuchillo, sobre si ellos lo vieron o no lo vieron, etc. Dichos testigos declararon, no sobre la existencia del caso que se ventilaba, la portación ilegal del arma, sino sobre unos problemas posteriores y adjetivos. Declararon que se había celebrado una vista preliminar sobre otro delito— el del robo—y que por las circunstancias antes indicadas aquel otro magistrado había declarado no haber causa proba-

ble. En el caso de autos de la prueba presentada, según resumida y sometida por ambas partes, se desprende con toda claridad que el delito fue planificado—recuérdese la visita de los dos individuos el día anterior de los hechos a la casa del perjudicado y las preguntas que le hicieron—y que el acusado conjuntamente con otro individuo utilizó delictiva e ilegalmente el arma. Leída la exposición narrativa de la prueba no puede llegarse a otra conclusión a menos que uno no determine descartarla por completo, lo cual no vemos cómo podemos hacer. Los errores señalados no se cometieron.

*En vista de lo anterior, se confirmará la sentencia apelada.*

El Juez Asociado Señor Torres Rigual no intervino.